**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

AMBER IBHRI EL BEY JOHNSON,

       Plaintiff,                              Case No. 2:26-cv-10650
v.                                       Hon. Jonathan J.C. Grey

TROY'S TOWING,

       Defendant.

_____/

## ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES (ECF No. 2) AND SUMMARILY DISMISSING AND CLOSING ACTION

### I.    INTRODUCTION

Before the Court is pro se Plaintiff Amber Ibhri El Bey Johnson's ("El Bey Johnson") application to proceed without prepaying fees or costs. (ECF No. 2.) A review of the application supports El Bey Johnson's claim of pauper status. Accordingly, the Court **GRANTS** El Bey Johnson's request to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, the Court **DISMISSES** the action **WITHOUT PREJUDICE** for lack of jurisdiction.

## II.    LEGAL STANDARD

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding in forma pauperis:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 F. App'x 356, 357 (6th Cir. Jun. 26, 2008). Federal courts hold a pro

se complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Pro se litigants are not, however, excused from failing to follow basic procedural requirements. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

## III.  ANALYSIS

El Bey Johnson alleges that Defendant "Troy's Towing sold [El Bey Johnson's] property without authorization, notice, or warning[,]" causing pain and suffering and emotional distress. (ECF No. 1, PageID.5.) The Court dismisses El Bey Johnson's complaint because the Court lacks jurisdiction.

District courts have jurisdiction over matters "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331 (federal question), or cases involving a controversy that exceeds $75,000 between citizens of different states, 28 U.S.C. § 1332 (diversity of citizenship). Here, the Court does not have federal question jurisdiction because El Bey Johnson brought no federal claims. And, although El Bey Johnson contends otherwise (ECF No. 1, PageID.3), the Court does not

3

have diversity jurisdiction because El Bey Johnson and Troy's Towing are both citizens of Michigan (*id.* at PageID.2, 4).

Accordingly, the Court **DISMISSES** El Bey Johnson's complaint **WITHOUT PREJUDICE** for lack of jurisdiction.

## IV.   CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that El Bey Johnson's application to proceed without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this cause of action is **DISMISSED WITHOUT PREJUDICE** and shall be designated as **CLOSED** on the docket.

**IT IS FURTHER ORDERED** that this action is frivolous under 28 U.S.C. § 1915(e)(2)(B). Any appeal of this order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610–611.

**SO ORDERED.**

Date: March 4, 2026

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

4

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 4, 2026.

<u>**s/ S. Osorio**</u>
Sandra Osorio
Case Manager